**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ADRIAN P. BURYLO, # R-45531,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16-cv-157-MJR** |
| | ) | |
| **DR. CALDWELL, DR. TROST,** | ) | |
| **SUZANN BAILEY, JIM WINTERS,** | ) | |
| **LOYD HANNA, RICK HARRINGTON,** | ) | |
| **and KIM BUTLER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is serving a 45-year sentence for murder.  Plaintiff claims that Defendants have been deliberately indifferent to his serious medical conditions, in that they have refused to provide him with a diet free of soy products.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims.  *See* 28 U.S.C. § 1915A(a).  The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that

refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering and liberally construing the allegations in Plaintiff's complaint, the Court concludes that it fails to state a claim upon which relief may be granted.

**The Complaint**

Plaintiff's statement of claim consists of one paragraph (Doc. 1, p. 7). He asserts that the soy content in the prison diet is detrimental to his health, and has caused him major medical problems. The Defendants have refused to provide him with a soy-free diet. The complaint does not further explain Plaintiff's symptoms that he attributes to the soy diet, but simply states, "The soy diet makes me sick." *Id*.

Plaintiff provides a bit more information along with his listing of the Defendants. Defendant Dr. Caldwell "refused [Plaintiff] medical treatment and never examined my lumps and bumps or any other symptoms" (Doc. 1, p. 1). Defendant Dr. Trost denied Plaintiff a no-soy diet and said nothing is wrong with him (Doc. 1, p. 2). Defendant Bailey (Food Service Administrator) sent Plaintiff to the medical director, and did not answer his request for a soy-free diet. *Id*. Defendants Winters and Hanna (Dietary Managers) likewise did not answer Plaintiff's dietary requests (Doc. 1, p. 3). Defendant Warden Harrington deemed Plaintiff's medical needs to be non-emergency, and Defendant Warden Butler did not answer any of Plaintiff's requests (Doc. 1, p. 4).

As relief, Plaintiff seeks monetary damages, and a no-soy diet for himself and for the entire Illinois Department of Corrections (Doc. 1, p. 8).

Other than mentioning his "lumps and bumps," the complaint explains nothing about Plaintiff's symptoms that he claims are connected to the soy diet. He attaches 66 pages of exhibits, which include a copy of a single grievance complaining about a March 2014 visit to Defendant Caldwell, when the doctor told Plaintiff he would not approve a soy-free diet (Doc. 1-1, pp. 1-2). Other exhibits show that Defendant Dr. Trost ordered blood tests, and that Plaintiff's thyroid function was normal (Doc. 1-1, p. 3, Doc. 1-2, p. 16). The rest of Plaintiff's exhibits consist of copies of articles discussing medical problems that, according to the authors, can result from soy consumption, and copies of Plaintiff's letters to Defendants and others requesting a soy-free diet. In his letters, Plaintiff claims to suffer from goiters on his arm, stomach, and breasts; constipation and bleeding hemorrhoids; brain fog; and trouble sleeping, all of which he believes are directly related to the soy in his diet (Doc. 1-1, pp. 35-36).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

           In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. A medical need is "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

           "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

           In Plaintiff's case, it is not clear whether the symptoms he mentions amount to objectively serious medical condition(s). Constipation, hemorrhoids, and bumps on the skin may be relatively minor conditions, or may be more serious, but Plaintiff offers no information about how these conditions may have affected him. Neither the complaint nor the exhibits provide grounds for the Court to conclude that any of Plaintiff's symptoms posed a substantial risk of serious harm to him, so as to implicate Eighth Amendment concerns. Further, Plaintiff offers no

facts to support his assumption that his symptoms were caused by eating soy products, as opposed to some other cause.

With reference to the subjective component of a deliberate indifference claim, Plaintiff does not indicate that he sought any medical care for his alleged symptoms after the March 2014 visit to Defendant Caldwell.  Instead, he made repeated demands to be given a special diet, based on his self-diagnosis that the soy in the prison food had caused him to develop health problems.   As noted above, a prisoner is not entitled to demand specific care or treatment for his medical concerns.  And despite Plaintiff's belief that his health issues were caused by soy, the facts related in the complaint do not suggest that the Defendants knew that Plaintiff faced a risk of serious harm from his symptoms or from the prison diet.  Without such knowledge, the Defendants' denial of Plaintiff's requests for a soy-free diet would not amount to a violation of the Eighth Amendment.

The factual allegations in the complaint fall short of demonstrating either the objective or the subjective portion of a claim for deliberate indifference to serious medical needs. Instead, Plaintiff offers only his own conclusions that the Defendants' actions violated his constitutional rights.  Such conclusory statements are inadequate to survive § 1915A review.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Accordingly, the complaint (Doc. 1) shall be dismissed for failure to state a claim upon which relief may be granted.

However, Plaintiff shall be allowed an opportunity to submit an amended complaint, to correct the deficiencies in his pleading.  If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed

with prejudice, and the dismissal shall count as a strike pursuant to § 1915(g).  The amended complaint shall be subject to review under § 1915A.

**Disposition**

The Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 35 days of the entry of this order (on or before June 13, 2016).  It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions.  He should label the pleading "First Amended Complaint" and include Case Number 16-cv-157-MJR.  For each claim, Plaintiff shall specify, *by name*,[1] each Defendant alleged to be liable, as well as the actions alleged to have been taken by that Defendant.  New individual Defendants may be added if they were personally involved in the constitutional violations.  Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading.  Should the First Amended Complaint not conform to these requirements, it shall be stricken.  Plaintiff must also re-file any *relevant* exhibits he wishes the Court to consider along with the First Amended

---

[1] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

Complaint. The filing of voluminous exhibits at the pleadings stage of a case is discouraged. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to send Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 9, 2016**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court